UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOANH QUOC NGUYEN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MAGGIE MILLER STOUT,<br><br>　　　　　　Respondent. | CASE NO. C14-5202 BHS-KLS<br><br>ORDER DENYING PETITIONER'S SECOND MOTION FOR COUNSEL |

On April 9, 2014, the Court denied Petitioner's first motion for the appointment of counsel. Dkts. 8 and 10. On April 17, 2014, Petitioner filed an Amended Motion Requesting Court Appointed Counsel. Dkt. 11. He states that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, counsel would be better able to present evidence, and that Petitioner is unable to fully understand or read English. *Id.* He also states that he has applied to proceed in forma pauperis (IFP). *Id.* However, Petitioner paid the $5.00 filing fee and IFP status has not been granted.

As previously noted by the Court, there is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995);

ORDER - 1

*United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interest of justice so require."  *Weygandt*, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.*  Petitioner has demonstrated an ability to articulate his claims in his petition for writ of habeas corpus.

Additionally, the Court does not find good cause for granting leave to conduct discovery and has not determined that an evidentiary hearing will be required.  *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  Moreover, in determining whether relief is available to Petitioner under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court.  *Cullen v. Pinholster*, ---U.S.---, 131 S.Ct. 1388 (2011).

Accordingly, Petitioner's motion for the appointment of counsel (Dkt. 11) is **DENIED**.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

DATED this 29th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2