1

2          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
3                   AT TACOMA

4    DOANH QUOC NGUYEN,

5                        Petitioner,              CASE NO. C14-5202 BHS

6    v.                                           ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION AND
7    MAGGIE MILLER-STOUT,                         DENYING MOTION TO
                                                  APPOINT COUNSEL AS MOOT
8                        Respondent.

9          This matter comes before the Court on the Report and Recommendation ("R&R")

10   of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 15), Plaintiff

11   Doanh Quoc Nguyen's ("Nguyen") objections to the R&R (Dkt. 16), and his motion to

12   appoint counsel (Dkt. 17).

13                        I.      BACKGROUND

14         On March 10, 2014, Nguyen filed a 28 U.S.C. § 2254 petition for habeas relief.

15   Dkt. 1. He seeks relief from his 2011 convictions by jury verdict of one count of first-

16   degree identity theft, four counts of first-degree theft, five counts of forgery, and one

17   count of second-degree theft, with aggravating circumstances for each offense (position

18   of trust and vulnerability of victims). *Id*. at 1.  Before Judge Strombom, he raised two

19   grounds for relief, including that the admission of an affidavit of fraud denied him a fair

20   trial and that his defense counsel provided ineffective assistance of counsel by failing to

21   object to the admission of the affidavit of fraud.  *See* Dkt. 1 at 5 and 7.

22

ORDER - 1

1    On June 6, 2014, Judge Strombom issued an R&R recommending that the Court

2  deny Nguyen's petition because he failed to demonstrate that the state court adjudication

3  of his claims was contrary to or an unreasonable application of established federal law, or

4  was an unreasonable determination of the facts in light of the evidence presented

5  pursuant to 28 U.S.C. § 2254(d)(1)-(2).  *See* Dkt. 15.  She also recommended denying

6  Nguyen a certificate of appealability. *Id*.

7    On June 25, 2014, Nguyen filed objections to the R&R.  Dkt. 16. Nguyen

8  *essentially* reiterates as objections the bases for relief that he sought in his petition. He

9  objects to Judge Strombom's R&R because (1) the admission of the affidavit of fraud

10  denied him a fair trial and the ability to face his accuser, and (2) that his defense counsel

11  provided ineffective assistance of counsel by failing to object to the admission of the

12  affidavit of fraud, which he only now claims resulted in a violation of the confrontation

13  clause.  *See* Dkts. 1 at 5 and 7 and 16 at 1-2.

14                                **II.    DISCUSSION**

15    The district judge must determine de novo any part of the magistrate judge's

16  disposition that has been properly objected to.  The district judge may accept, reject, or

17  modify the recommended disposition; receive further evidence; or return the matter to the

18  magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

19    The Court finds that Judge Strombom's report and recommendations is correct as

20  to its analysis and conclusion that overwhelming evidence supports Nguyen's guilt such

21  that the admission of the affidavit of fraud does not rise to the level of a constitutional

22  violation which impacted the outcome of trial.  Based on that conclusion, there is no legal

1   support for Nguyen's ineffective counsel claim based on the admission of the same

2   affidavit.  Nguyen's objections offer no legal argument that demonstrates Judge

3   Strombom's R&R is in error as to these issues. *See* Dkt. 16.

4   **A.     Affidavit of Fraud**

5          "[A] federal habeas court may not prescribe evidentiary rules for the states."

6   *Swan v. Peterson*, 6 F.3d 1373, 1382 (9th Cir. 1993). "[I]t is not the province of a federal

7   habeas court to reexamine state court determinations on state law questions." *Estelle v.*

8   *McGuire*, 502 U.S. 62, 68 (1991). In conducting habeas review, a federal court is limited

9   to deciding whether a conviction violated the Constitution, laws, or treaties of the United

10  States. *Id.* (*citing* 28 U.S.C. § 2241). The admission of evidence does not provide a basis

11  for habeas relief unless it renders the trial "fundamentally unfair" in violation of due

12  process. *McGuire*, 502 U.S. at 67-69. To obtain relief, a petitioner must show that, in

13  light of the entire record, the alleged error rendered the entire trial so fundamentally

14  unfair "that there is a reasonable probability that the error complained of affected the

15  outcome of the trial . . . ." *Carter v. Armontrout*, 929 F.2d 1294 (8th Cir. 1991).

16         With regard to the admission of the affidavit of fraud, the Washington State Court

17  of Appeals, Division 2, stated:

18             We agree with Nguyen that a witness may not give an opinion or
           state a personal belief that the defendant is guilty. *State v. Montgomery*, 163
19         Wn.2d 577, 591, 183 P.3d 267 (2008). But here, even assuming without
           agreeing that Mrs.Griffin's affidavit of fraud was the equivalent of
20         unconstitutional impermissible opinion testimony about Nguyen's guilt,
           Nguyen fails to show that any potential error "caused actual prejudice or
21         practical and identifiable consequences." *Montgomery*, 163 Wn.2d at 595
           (*citing State v. Kirkman*, 159 Wn.2d 918, 928, 155 P.3d 125 (2007)).

22

1    Dkt. 13, Exhibit 10 at 8.  In arriving at this conclusion, the appellate court thoroughly

2    analyzed the evidence in the record and determined "other strong evidence and the jury's

3    verdict – that Nguyen was also guilty of charges not related to the checks listed Mrs.

4    Griffen's affidavit – show that the affidavit of fraud was not the determinative factor

5    here." *See id*. at 8 and 9.

6         In reviewing the appellate court's decision and the remainder of the record, Judge

7    Strombom also found that even if the admission of the affidavit of fraud by one of the

8    victims was a violation of Washington's evidence rules, the trial court's admittance of the

9    affidavit did not rise to the level of a constitutional error because there was overwhelming

10   evidence of his guilt.  *Id*. at 7.  Judge Strombom correctly observed the overwhelming

11   evidence of guilt in the record:

12         Mrs. Griffin's stepdaughter Annette Fender and Mr. Nguyen himself
both testified that Mr. Nguyen was not permitted access to the Griffins'
13    bank accounts. Dkt. 13, Exhibit 1, at 58; Exhibit 2, at 208-09. Mr. Nguyen
admitted at trial he knew where Mrs. Griffin stored her checkbook, he
14    forged and deposited the checks into his bank account, knowing it was
wrongful, and then he fled to Vietnam to cash the checks and never tried to
15    contact the Griffins. *Id*., Exhibit 2, at 188-89; *id.* at 209, 211, 216, 236. Mr.
Nguyen lied to the Griffins about being a medical student and falsely told
16    them he was going to visit family in Wyoming before he fled to Vietnam.
*Id.*, Exhibit 1, at 52; Exhibit 2, at 197-98. Annette Fender and a handwriting
17    expert testified that the disputed checks were not written by Mrs. Griffin.
*Id*.,Exhibit 1, at 55; *id*. at 116-17. Large parts of Mr. Nguyen's testimony
18    were contradicted by the testimony of other witnesses and by Mr. Nguyen's
own testimony and bank statements. For example, although he testified the
19    $4,000 check was a loan from Mrs. Griffin, he admitted he never attempted
to contact the Griffins after he left the country. *Id*., Exhibit 2, at 195, 236.
20    Mr. Nguyen testified that the $2,600 check was merely reimbursement for
purchases he had made at Best Buy for Mrs. Griffin from his personal
21    funds, but his own bank statements did not reflect any actual purchases
from Best Buy. *Id*. at 236.

22

1    Dkt. 15 at 7. Judge Strombom's conclusion and analysis that overwhelming evidence

2    guilt exists such that the admission of the affidavit of fraud does not rise to a

3    constitutional error affirms Washington State Court of Appeals' determination that even

4    if the evidence was erroneously admitted, it was not unfairly prejudicial.

5           The Court conurs with Judge Strombom's analysis and conclusion that the

6    admission of the affidavit of fraud did not rise to the level of constitutional error which

7    impacted the outcome of his trial.  The R&R is adopted on this basis.

8           To the extent that Nguyen attempts to raise a confrontation clause claim on the

9    basis of the admission of the affidavit, that issue was not presented to the state courts and

10   is therefore unexhausted. *See* 28 U.S.C. § 2254 (b).

11   **B.      Ineffective Assistance of Counsel**

12          To support an ineffective assistance of counsel claim, a petitioner must satisfy the

13   two-part *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the

14   petitioner must show that counsel's performance "fell below an objective standard of

15   reasonableness." *Strickland*, 466 U.S. at 686.  Second, the petitioner must show that the

16   deficient performance prejudiced the defense so "as to deprive the defendant of a fair

17   trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  To prove prejudice,

18   petitioner must establish a "reasonable probability that, but for counsel's unprofessional

19   errors, the results of the proceeding would have been different." *Woodford v. Visciotti*,

20   537 U.S. 19, 22 (2002) (per curiam). "Judicial scrutiny of counsel's performance must be

21   highly deferential." *Strickland*, 466 U.S. at 668- 69.

22

1    A court need not address both prongs of the test.  *Strickland*, 466 U.S. at 697.  If

2  the petitioner makes an insufficient showing on one prong, the analysis ends there.  *Id*.

3  Federal courts "must indulge a presumption that counsel's conduct falls within the wide

4  range of reasonable professional assistance . . . ." *Id*.  The presumption of competence

5  includes a presumption that challenged actions resulted from a reasonable trial strategy.

6  *Strickland*, 466 U.S. at 689-90.

7    The Court concurs with Judge Strombom's analysis and decision on the

8  ineffective assistance of counsel claim. Judge Strombom found "Mr. Nguyen cannot

9  affirmatively demonstrate, as he must, that it was necessarily unreasonable for the Court

10  of Appeals to have rejected his *Strickland* claim." Dkt. 15 at 10.  She correctly observed

11  that when Nguyen presented this claim to the Washington Court of Appeals, he argued

12  that there was "no possible strategic reason for permitting improper opinion evidence

13  showing Frances Griffin believed Nguyen was guilty."  Dkt. 15 at 10 (*citing* Dkt. 13,

14  Exhibit 7).  Additionally, she properly noted that "[t]he Washington Court of Appeals

15  adjudicated the ineffective-assistance claim immediately following the court's discussion

16  and rejection of his evidentiary claim." *Id*., Exhibit 10, at 9.  Ultimately, she concluded

17  that the Washington Court of Appeals properly analyzed the claim under *Strickland's*

18  prejudice prong only. *Id*. The appellate court stated:

19      Nguyen also argues that his trial counsel provided ineffective assistance in
        failing to object to the admission of Mrs. Griffin's affidavit of fraud. To
20      establish ineffective assistance of counsel, Nguyen must show both
        deficient performance and prejudice. *State v. Grier*, 171 Wn.2d 17, 32–33,
21      249 P.3d 1260 (2011). Based on the facts we discuss above, we hold that
        Nguyen fails to show that the affidavit's admission was prejudicial.
22      Accordingly, his ineffective assistance argument also fails.

Dkt. 13, Exhibit 10, at 9-10.  Because the Court agrees with Judge Strombom and the Court of Appeals' conclusion that it was it not prejudicial error to admit the affidavit of fraud  (*see supra*), the Court finds that Mr. Nguyen cannot affirmatively demonstrate that it was necessarily unreasonable for the appellate court to have rejected his *Strickland* claim. Thus, the Court agrees with Judge Strombom's recommendation that Nguyen's ineffective assistance of counsel claim be denied.

Although Nguyen for the first time attempts to raise an ineffective assistance of counsel claim on the basis that his counsel permitted a confrontation clause violation by failing to object to the admission of the affidavit, that issue was not presented to the state courts and is therefore unexhausted. *See* 28 U.S.C. § 2254 (b).

### III.    ORDER

The Court having considered the R&R, Nguyen's objections, his motion for appointment of counsel and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED** for the reasons set forth above;

(2)    The motion for appointment of counsel (Dkt 17) is **DENIED as moot**;

(3)    This action is **DISMISSED**; and

(4)    A certificate of appealability is **DENIED**.

Dated this 12th day of August, 2014.

BENJAMIN H. SETTLE
United States District Judge